UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| KEVIN DWAYNE THERIOT, #423068,<br>Plaintiff,<br>-v-<br>JEFFREY WOODS, et al.,<br>Defendants. | No. 2:18-cv-92<br>Honorable Paul L. Maloney |

## ORDER

This is a civil rights action brought by state prisoner Kevin Dwayne Theriot pursuant to 42 U.S.C. § 1983. On November 15, 2019, United States Magistrate Judge Maarten Vermaat issued a Report & Recommendation ("R&R") recommending that the Court grant Defendants' motion to revoke Theriot's *in forma pauperis* status (ECF No. 82). Theriot timely filed an objection (ECF No. 86). On February 18, 2020, Magistrate Judge Vermaat issued a second R&R, this time addressing Theriot's motions for injunctive relief and Defendant Dr. Oh's motion for summary judgment (ECF No. 96). Theriot timely objected (ECF No. 97), and Dr. Oh responded (ECF No. 105). For the reasons to be discussed, the Court will overrule all objections and adopt both R&Rs as the Opinions of the Court.

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge

reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Analysis

First, regarding the November 15, 2019 R&R: Theriot's objection does not raise any specific objections to this R&R. He only argues generally that the R&R's decision was unconstitutional. The Court need not review such a vague objection. *See Mira*, 806 F.2d at 637. Regardless, on de novo review of the R&R, the Court finds no error in Magistrate Judge Vermaat's thorough analysis. Accordingly, the objection will be overruled.

Turning to the February 18, 2020 R&R: Theriot brings three objections, none of which have merit. First, he makes arguments regarding the merits of Dr. Oh's motion for summary judgment. However, these are irrelevant because the R&R did not reach the merits

of the motion. Thus, the objection does not address an error in the R&R, and it need not be addressed. *See id.* Theriot's first objection is overruled.

Theriot next argues that he filed a grievance against Defendant Dr. Oh regarding his health care, so the R&R's conclusion that he failed to exhaust the available administrative remedies is erroneous. However, the grievance naming Dr. Oh was never filed: the copy Theriot provided does not show a date "received" by MDOC (ECF No. 87-2 at PageID.705), and Theriot's grievance history confirms that no grievances relating his healthcare were properly filed (ECF No. 69-5). Therefore, the R&R's conclusion that Theriot failed to exhaust his administrative remedies is correct. This objection is overruled.

Finally, Theriot argues that he has shown a strong likelihood of success on the merits, so the R&R erred when it denied his request for a temporary restraining order and/or preliminary injunction. Again, Theriot does not bring specific objections to the R&R's analysis; he merely rehashes the arguments presented in his motion and alleges that his position is correct. This is insufficient to establish error in the magistrate judge's analysis. Moreover, on the Court's review of the R&R and the record, Magistrate Judge Vermaat correctly concluded that Theriot has failed to establish a substantial likelihood of success on his claims. Therefore, the R&R properly denied Theriot's motions, and his objections are overruled.

For these reasons,

**IT IS ORDERED** that the November 15, 2019 R&R (ECF No. 82) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the R&R (ECF No. 86) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's motion to revoke Plaintiff's *in forma pauperis* status (ECF No. 75) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff has twenty-eight (28) days from the date of this Order to pay the civil action filing fee, which is $400.00. If he fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, and he will remain responsible for payment of the $400.00 filing fee.

**IT IS FURTHER ORDERED** that the February 18, 2020 R&R (ECF No. 96) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the R&R (ECF No. 97) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions for injunctive relief (ECF Nos. 83, 87) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Dr. Oh's motion for summary judgment (ECF No. 69) is **GRANTED**.

**IT IS SO ORDERED.**

Date: March 24, 2020 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge